IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>    Plaintiff,<br><br>v.<br><br>FOREST LAKE, LLC,<br>9869 Good Luck Road<br>Lanham, Maryland 20706<br><br>FOREST LAKE, INC.,<br>9869 Good Luck Road<br>Lanham, Maryland 20706<br><br>STANCIU MANAGEMENT, INC.,<br>1320 Old Chain Bridge Road #435<br>McLean, Virginia 22101<br><br>    Defendants. | Case No.<br><br>COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices conducted on the basis of national origin and retaliation for protected conduct and to provide appropriate relief to Israel Irizarry, Felix Gonzalez, and a class of Hispanic employees who were adversely affected by such practices. As alleged with greater particularity in Paragraph 7a-f, below, the U.S. Equal Employment Opportunity Commission alleges that since at least September 2006 Forest Lake LLC, Forest Lake Inc., and Stanciu Management Inc. (Defendants) engaged in retaliatory and

national origin motivated harassment and discrimination at their Lanham, Maryland property management facility.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Forest Lake LLC, a Maryland Limited Liability Company, Forest Lake Inc., a Maryland Corporation, and Stanciu Management Inc., a Virginia Corporation, have continuously been doing business in the State of Maryland, County of Prince George's and have operated, in conjunction with one another as an integrated enterprise/single "employer" within the meaning of Title VII. At all relevant times, Defendants have maintained interrelated operations, common management and directors, centralized control of labor relations and personnel, and common ownership and financial control.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Israel Irizarry and Felix Gonzalez filed charges of discrimination with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2006, Defendants have engaged in unlawful employment practices at their Lanham, Maryland real estate management operation in violation of Section 703(a)(1) and 704(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a)(1), by subjecting Israel Irizarry, Felix Gonzalez, and a class of Hispanic employees to a continuing course of unwelcome and offensive harassment because of their national origin, Hispanic, in violation of Title VII, and by retaliating against them for their complaints of harassment, as follows:

    a. by repeatedly using ethnic slurs targeted at them such as "you fu-king Puerto Ricans;" "you fu-king Mexicans," and "you fu-king Salvadorans;" telling Hispanic workers that they should speak English or "get out;" and repeatedly threatening Hispanic employees with termination;

    b. by ordering the Hispanic employees to speak only English in the workplace;

    c. by imposing disparate terms and conditions on the Hispanic employees, including but not limited to, permitting non-Hispanic employees to leave the apartment complex for lunch but requiring Hispanic employees to stay on the premises at all times, allowing non-

Hispanic employees more time to complete tasks than Hispanic employees; allowing black employees to work on personal projects during work hours but denying Hispanics the same opportunity;

      d.    by failing to take preventative or corrective measures to end the harassment despite Defendants being aware of the harassment;

      e.    by terminating Irizarry's employment because of his national origin and because he had complained to Defendants regarding their management of the harassment; and

      f.    by twice suspending Gonzalez's employment without pay because of his national origin and because he had complained to Defendants' management of the harassment.

8. The effect of the practices complained of in paragraph 7a-f, above, has been to deprive Israel Irizarry, Felix Gonzalez and a class of Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

9. The effect of the practices complained of in paragraph 7e-f, above, has been to deprive Israel Irizarry and Felix Gonzalez of equal employment opportunities and otherwise adversely affect their status as employees because they engaged in protected activity by complaining to Defendants about the unlawful harassing behavior.

10. The unlawful employment practices complained of in paragraph 7a-f above were and are intentional.

11. The unlawful employment practices complained of in paragraphs 7a-f, above, were and are done with malice or with reckless indifference to the federally protected rights of Israel Irizarry, Felix Gonzalez, and a class of Hispanic employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in retaliatory and national origin discrimination, including harassment and discriminatory terms of and conditions of employment, training, disciplinary action, constructive discharge, discharge, and any other employment practice which discriminates on the basis of conduct protected by Sections 703(a) and 704(a) of Title VII, or national origin.

B.   Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hispanic persons, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendants to make whole Israel Irizarry and Felix Gonzalez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay.

D.   Order Defendants to make whole Israel Irizarry, Felix Gonzalez, and a class of Hispanic employees by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraphs 7a-f, above, in amounts to be determined at trial.

E.   Order Defendants to make whole Israel Irizarry, Felix Gonzalez, and a class of Hispanic employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7a-f, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

 F. Order Defendants to pay Israel Irizarry, Felix Gonzalez, and a class of Hispanic employees punitive damages for the malicious and reckless conduct described in paragraph 7a-f, above, in amounts to be determined at trial.

 G. Grant such further relief as the Court deems necessary and proper in the public interest.

 H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

       Respectfully submitted,

       EQUAL EMPLOYMENT OPPORTUNITY
       COMMISSION

       JAMES LEE
       Deputy General Counsel

       GWENDOLYN YOUNG REAMS
       Associate General Counsel

       DEBRA M. LAWRENCE (Bar No. 04312)
       Acting Regional Attorney
       EEOC-Philadelphia District Office
       City Crescent Building, 3rd Floor
       10 South Howard Street
       Baltimore, Maryland 21201
       Telephone number: (410) 209-2734
       Facsimile number: (410) 962-4270

       MARIA SALACUSE
       Supervisory Trial Attorney
       Federal Bar No. 15562
       EEOC-Baltimore Field Office
       City Crescent Building, 3rd Floor
       10 South Howard Street
       Baltimore, Maryland 21201

Telephone number: (410) 209-2233
Facsimile number: (410) 962-4270

*[signature: Eric S. Thompson]*

ERIC S. THOMPSON
Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2232
Facsimile number: (410) 962-4270